Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## OPINION

No. 04-12-00085-CV

**IN RE** Fernando **SANCHEZ**

Original Mandamus Proceeding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
            Phylis J. Speedlin, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:  March 9, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator Fernando Sanchez asks this court to compel respondent Sergio Mora, Chairman of the Webb County Democratic Party, to administratively declare real party in interest Rebecca Ramirez ineligible for the office of the 341st Judicial District Court of Webb County, Texas.  Sanchez, also a candidate for the 341st Judicial District Court, contends the official record from the Supreme Court of Texas conclusively establishes Ramirez is ineligible because she has not been a practicing lawyer for the entire four-year period preceding her election as required by the Texas Constitution Article V, Section 7.  *See* TEX. CONST. art. V, § 7 (providing a candidate must be licensed to practice law in this State and be a practicing lawyer or a judge of a court in this State, or both combined, for four years next

---

[1] This proceeding is brought pursuant to Texas Election Code section 273.061.  The respondent is Sergio Mora, Chairman of the Webb County Democratic Party.

preceding the election). Sanchez argues Ramirez is ineligible because Ramirez took a non-practicing attorney exemption from the mandatory continuing legal education (MCLE) requirements during that period. Sanchez complains Mora has refused to declare Ramirez ineligible and asks this court to order Mora to: (1) declare Ramirez ineligible to be elected as Judge of the 341st District Court and remove her name from the ballot; (2) certify to the local canvassing authority that Ms. Ramirez has been declared ineligible; and (3) decline to certify Ms. Ramirez as a nominee for placement on the general election ballot. We conditionally grant mandamus relief.

## BACKGROUND

Ramirez submitted her application to Mora for the office of the 341st Judicial District Court of Webb County, Texas. It is undisputed that Ramirez was licensed to practice law in Texas in 1999, and on November 21, 2008 she voluntarily took a non-practicing attorney exemption status for purposes of complying with the mandatory continuing legal education (MCLE) requirements. Sanchez wrote a letter to Mora that requested that Mora declare Ramirez ineligible because Ramirez had not been a practicing lawyer from November 21, 2008 to November 5, 2009, which was within the four year time period preceding the election. Sanchez submitted to Mora a certified and sworn letter from the Texas Supreme Court Clerk, Blake A. Hawthorne, which provides in part as follows:

> The records reflect effective November 21, 2008 to November 5, 2009 Ms. Ramirez claimed the Minimum Continuing Legal Education (MCLE) non-practicing exemption and was, therefore, not eligible to practice law in Texas while claiming this exemption. Members who are not currently practicing law in Texas can remain on the active rolls but claim the MCLE non-practicing exemption to be exempt from the annual MCLE requirements. The records further reflect Ms. Ramirez lifted the MCLE non-practicing exemption on November 5, 2009.

In response to Sanchez' assertion that Ramirez was ineligible, Ramirez provided a written letter to Mora dated December 19, 2011 that argued that Sanchez had not conclusively established she was ineligible because he did not establish she had not engaged in the practice of law during the relevant time period. Ramirez provided Mora with a letter dated November 30, 2011 that she obtained from the Director of the MCLE Department of the State Bar which provided:

> According to our records, you claimed an MCLE "Non-practicing Exemption" at the MCLE online reporting site on November 21, 2008. The exemption covers MCLE compliance requirements for the 2008 MCLE compliance year which began November 1, 2007 and ended October 31, 2008. Attorneys who claim a Non-practicing Exemption are not required to complete the hourly CLE requirement. Our records also show that you removed the Non-practicing exemption on November 3, 2009.

Ramirez also submitted to Mora a copy of her Amended Verification Report for the 2009 MCLE compliance year, which she contends illustrates that she complied with her MCLE requirements for the 2009 compliance year that runs from November 1, 2008 through October 31, 2009. Finally, Ramirez submitted a second letter to Mora from the MCLE Department Director that confirmed Ramirez complied with her MCLE requirements for the 2009 compliance year that runs from November 1, 2008 through October 31, 2009. To date, Mora has not declared Ramirez ineligible. This petition for writ of mandamus ensued.

## ANALYSIS

The Election Code provides the procedures for declaring a candidate ineligible for an office. *See* TEX. ELEC. CODE § 145.003 (West 2010). A candidate may be declared ineligible only in the following circumstances: (1) when the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or (2) facts indicating that the candidate is ineligible are conclusively established by another public record. *Id.* § 145.003(f). When the appropriate authority is presented with an application for a place on the

ballot or another public record containing information pertinent to a candidate's eligibility, the appropriate authority shall promptly review the record. *Id.* § 145.003(g). If the appropriate authority determines that the record establishes ineligibility, the authority shall declare the candidate ineligible. *Id.* The Election Code grants authority to this court to issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer. *Id.* § 273.061. Therefore, if a public record conclusively established Ramirez was ineligible, Mora had a duty to declare her ineligible and mandamus relief is appropriate.

Sanchez contends Ramirez is ineligible to serve as a judge of the 341st District Court, Webb County, Texas under Article V, Section 7 of the Texas Constitution, which provides in part that a candidate must be "licensed to practice law in this State and has been a practicing lawyer or a Judge of a Court in this State, or both combined, for four (4) years next preceding his election. . ." TEX. CONST. art. V, § 7. It is undisputed that Ramirez had to be a practicing lawyer from November 6, 2008 to November 5, 2012 to be eligible to seek the office of district court judge. Sanchez relies on the letter from the Clerk of the Supreme Court to establish that a public record conclusively established Ramirez is ineligible. *See Spears v. Bayoud*, 786 S.W.2d 248, 254 (Tex. 1990) (orig. proceeding) (providing that the official records of the Supreme Court of Texas are public records). Sanchez contends that because the letter establishes Ramirez took the MCLE non-practicing exemption status on November 21, 2008 and did not lift it until November 5, 2009, Ramirez was ineligible to practice law during that period. Therefore, Sanchez contends Ramirez failed to meet the four-year requirement of practicing as an attorney as provided by the Constitution, and Mora was required to declare her ineligible.

In response, Ramirez contends that Mora was proper in not declaring her ineligible because the public records are not conclusive because the Supreme Court records and the State Bar records are in disagreement with each other, which creates a fact issue. However, any disagreement goes to the time period that the exemption applied to. Ramirez asserts the MCLE non-practicing exemption applied to the 2008 compliance year (November 1, 2007 to October 31, 2008) and not to the 2009 compliance year (November 1, 2008 to October 31, 2008). Ramirez complains this created a factual discrepancy that prevented Mora from declaring her ineligible.

However, the certified and sworn letter from the Clerk of the Supreme Court clearly states Ramirez was ineligible to practice law from November 21, 2008 until November 5, 2009 when she lifted the exemption. It is undisputed that Ramirez did not lift the exemption until at least November 3, 2009.[2] Therefore, Ramirez' ineligibility was conclusively established by a public record and the documents Ramirez provided to Mora from the State Bar were insufficient to rebut the public record of the Clerk of the Supreme Court.

## CONCLUSION

Accordingly, we grant mandamus relief and order Sergio Mora to, no later than March 9, 2012 at 5:00 p.m.: (1) declare Rebecca Ramirez ineligible to be elected as Judge of the 341st District Court and remove her name from the ballot; (2) certify to the local canvassing authority that Ramirez has been declared ineligible; and (3) decline to certify Ramirez as a nominee for placement on the general election ballot. The writ will issue only if we are notified Mora has failed to comply with this court's opinion and order.

Steven C. Hilbig, Justice

---

[2] The Clerk of the Supreme Court's letter indicates the exemption was lifted on November 5, 2009; however, the Director of the MCLE Department's letter indicates the exemption was lifted on November 3, 2009.