# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0208
════════════

IN RE REBECCA RAMIREZ PALOMO, RELATOR

════════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
════════════════════════════════════════════════════

**PER CURIAM**

Rebecca Ramirez Palomo and Fernando Sanchez each applied to the chair of the Webb County Democratic Party to be placed on the general primary election ballot as a candidate for the office of judge of the 341st Judicial District Court.[1] Sanchez requested the chair to declare Ramirez ineligible,[2] asserting that she had not been "a practicing lawyer . . . for four (4) years next preceding" this year's general election, as required by Article V, Section 7 of the Texas Constitution.[3] Specifically, Sanchez contended that Ramirez could not practice law from November 2008 to

---

[1] TEX. ELEC. CODE § 172.021(a) ("To be entitled to a place on the general primary election ballot, a candidate must make an application for a place on the ballot."); *id*. § 172.022(a) ("(a) An application for a place on the general primary election ballot must be filed with: . . . (2) the county chair or the secretary, if any, of the county executive committee, for an office filled by voters of a single county."); TEX. GOVT CODE § 24.487(a) ("The 341st Judicial District is composed of Webb County.").

[2] TEX. ELEC. CODE § 145.003(b) ("A candidate in the general election for state and county officers may be declared ineligible before the 30th day preceding election day by: (1) the party officer responsible for certifying the candidate s name for placement on the general election ballot . . . .").

[3] TEX. CONST. art. V, § 7 ("Each district judge shall be elected by the qualified voters at a General Election and shall be a citizen of the United States and of this State, who is licensed to practice law in this State and has been a practicing lawyer or a Judge of a Court in this State, or both combined, for four (4) years next preceding his election . . . .").

November 2009, during which she claimed a non-practicing-attorney exemption from the State Bar's Mandatory Continuing Legal Education (MCLE) requirements. When the chair refused Sanchez's request, he petitioned the court of appeals for mandamus relief,[4] which it granted, concluding that Ramirez is ineligible to serve in the office she seeks and directing that her name be removed from the ballot.[5] We then granted Ramirez's petition for mandamus relief and directed the county chair to place Ramirez's name on the ballot.[6] We issued our order without opinion so as not to delay printing of the ballots.[7] We now explain the basis for the order. We conclude that the county chair did not violate any duty imposed by law and that the court of appeals therefore exceeded its writ power.[8]

---

[4] TEX. ELEC. CODE § 273.061 ("The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.").

[5] ___ S.W.3d ___ (Tex. App.–San Antonio 2012, orig. proceeding).

[6] 55 Tex. Sup. Ct. J. 460 (March 28, 2012).

[7] The primary election cycle has already been significantly delayed this year by redistricting litigation in federal court. The court of appeals directed the county chair to remove Ramirez's name from the ballot on March 9, before the March 12 deadline for certifying candidates set by the United States District Court. *See Perez v. Texas*, No. 11-CV-360-OLG-JES-XR [Lead Case] (W.D. Tex.) (Order dated March 1, 2012, and Amended Order Regarding Election Schedule dated March 19, 2012). Sanchez argues that this Court cannot act after that deadline. But we have often ordered candidates placed on the ballot after statutory deadlines to protect the electoral process. *E.g.*, *Bird v. Rothstein*, 930 S.W.2d 586, 587 (Tex. 1996); *Davis v. Taylor*, 930 S.W.2d 581, 584 (Tex. 1996); *LaRouche v. Hannah*, 822 S.W.2d 632, 634 (Tex. 1992); *Painter v. Shaner*, 667 S.W.2d 123, 124 (Tex. 1984). Nothing in the federal court's order setting dates for conducting this year's delayed primary elections suggests that the deadlines should be treated any differently than the statutory deadlines they replace.

[8] *See Strake v. Court of Appeals for First Supreme Judicial Dist. of Tex.*, 704 S.W.2d 746, 747 (Tex. 1986) ("In a case involving a public officer over which the court of appeals has mandamus power, that court makes an independent inquiry whether the act, or refusal to act, of the public officer is contrary to a clearly established legal duty. If so, the reviewing court will issue the writ. In reviewing by writ of mandamus the action of a court of appeals our focus remains on the point of origin of the case . . . . We first determine if the action at the point of origin was proper. If we find it to be proper and the court of appeals has held otherwise, it has thus abused its discretion and we will grant the writ of mandamus directing the court of appeals to set aside its writ of mandamus."), *citing Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985); *see also Fitch v. Fourteenth Court of Appeals*, 834 S.W.2d 335, 338 (Tex. 1992).

A party officer responsible for certifying a candidate's name for placement on the general election ballot must declare the candidate ineligible if "facts indicating that the candidate is ineligible are conclusively established by [a] public record."[9] The issue in this case is whether public records conclusively establish that Ramirez has not been continuously in practice since November 6, 2008.

Ramirez has been licensed to practice law in Texas since 1999. To practice law in Texas, a lawyer must be a member of the State Bar of Texas.[10] Every member of the State Bar must complete fifteen hours of MCLE each year.[11] A "compliance year" begins on the first day of the member's birth month,[12] but every member gets a one-month automatic grace period after the end

---

[9] TEX. ELEC. CODE § 145.003(f)(2). Section 145.003(b) states that "[a] candidate in the general election for state and county officers *may* be declared ineligible before the 30th day preceding election day by: (1) the party officer responsible for certifying the candidate's name for placement on the general election ballot . . . ." *Id*. § 145.003(b) (emphasis added). Section 145.003(f) states that "[a] candidate may be declared ineligible *only if*: (1) the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or (2) facts indicating that the candidate is ineligible are conclusively established by another public record." *Id*. § 145.003(f) (emphasis added). And Section 145.003(g) states: "When presented with an application for a place on the ballot or another public record containing information pertinent to a candidate's eligibility, the appropriate authority shall promptly review the record. If the authority determines that the record establishes ineligibility as provided by Subsection (f), the authority *shall* declare the candidate ineligible." *Id*. § 145.003(g) (emphasis added).

[10] TEX. GOV'T CODE § 81.051(b) ("Each person licensed to practice law in this state shall, not later than the 10th day after the person's admission to practice, enroll in the state bar by registering with the clerk of the supreme court.").

[11] TEX. STATE BAR R. art. XII, § 6(A), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtitle G, app. A (West 2005) ("Every member shall complete fifteen (15) hours of continuing legal education during each compliance year as provided by this article.").

[12] TEX. STATE BAR R. art. XII, § 2(L), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtitle G, app. A (West 2005) ("'MCLE compliance year' means the twelve (12) month period that begins each year on the first day of an attorney's birth month and ends on the last day of the month that immediately precedes the attorney's birth month in the following year.").

of the compliance year to complete the requirements.[13]  Failure to comply with the annual

requirement results in automatic suspension.[14]

MCLE regulations recognize several exemptions to MCLE requirements.  An exemption is

good for an entire compliance year or not at all:

> An exemption or special case status shall apply to the entire MCLE compliance year (first day of the birth month through the last day of the month immediately preceding the birth month). Any change in status during the compliance year shall be promptly reported to the MCLE Director on the appropriate reporting form.[15]

One exemption is for lawyers who are not practicing:

> Members who have not engaged in the practice of law in Texas during the entirety of an MCLE compliance year are eligible to claim an exemption from the MCLE requirements.  Members who are engaged in the practice of law at the beginning of a MCLE compliance year but who later cease from practice during that compliance year are not eligible for this non-practicing exemption.[16]

MCLE rules and regulations do not impose a deadline for claiming an exemption other than the

deadline for compliance.

---

[13] TEX. STATE BAR R. art. XII, § 8(B), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtitle G, app. A (West 2005) ("A member who has not completed his or her CLE requirements by the first day of the birth month, will receive an automatic grace period through the last day of the birth month to complete and report any remaining CLE credits. Members shall not be fined or penalized for completing and reporting CLE credits by the last day of the birth month (grace period).").

[14] TEX. STATE BAR R. art. XII, § 8(E), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtitle G, app. A (West 2005) ("If by the last business day of the fourth month following the birth month (or reporting month if the member has been granted an extension in accordance with this article for completion of CLE requirements) the member has still not cured his or her non-compliance, the member shall be automatically suspended from the practice of law in Texas . . . .") But automatic suspension is not immediate.  Section 7.1 of the Texas MCLE Regulations gives lawyers an additional three months after the grace period in which to comply or to satisfactorily explain their non-compliance.  State Bar of Texas, Texas MCLE Regulations § 7.1, *available at* http://www.texasbar.com/Content/NavigationMenu/ForLawyers/MCLE/MCLERules/MCLERegulations.pdf.

[15] State Bar of Texas, Texas MCLE Regulations § 5.0.

[16] *Id.* § 5.3.1.

4

Ramirez was born in November. State Bar records establish that she claimed the non-practicing exemption on November 21, 2008, and ceased to claim it on November 3, 2009, after having fully satisfied her MCLE requirements for her compliance year ending October 31, 2009 ("CY 2009"). Ramirez contends that the exemption was for the compliance year ending October 31, 2008 ("CY 2008"), just prior to her claim for exemption, and thus does not preclude her from meeting the constitutional practice requirement. Sanchez argues that Ramirez was ineligible to practice law from the date she claimed the exemption until she changed her status, and is estopped from asserting otherwise.

The other public record evidence cited to us comes from two sworn statements provided to the parties by the Clerk of this Court and two published State Bar lists of licensed lawyers not eligible to practice law in Texas. The Clerk stated that records in his custody reflected that Ramirez "has never been administratively suspended from the practice of law since she was first licensed" and that

> effective November 21, 2008 to November 5, 2009 Ms. Ramirez claimed the Minimum Continuing Legal Education (MCLE) non-practicing exemption and was, therefore, not eligible to practice law in Texas while claiming this exemption. Members who are not currently practicing law in Texas can remain on the active rolls but claim the MCLE non-practicing exemption to be exempt from the annual MCLE requirements. The records further reflect Ms. Ramirez lifted the MCLE non-practicing exemption on November 5, 2009.[17]

---

[17] As noted, other State Bar records show that Ramirez notified the State Bar that she no longer claimed exempt status on November 3, rather than November 5. This discrepancy is immaterial.

The two State Bar lists, one dated December 31, 2008, and the other July 2, 2009, both within CY 2009, include Ramirez's name.[18]

The court of appeals noted the parties' "disagreement [about] the time period that the [exemption] applied to" but concluded, based on the Clerk's statement, that the exemption covered the period between the date Ramirez claimed it and the date she relinquished it.[19] We think this conclusion misconstrues the Clerk's statement and the rules and regulations governing MCLE requirements.

The Clerk's statements that Ramirez's *claim* of exemption was "effective" from the date she made it until she lifted it, and that she was ineligible to practice "while claiming" the exemption, are both literally correct but do not resolve the disagreement over the period *covered* by the exemption. Specifically, the statements do not foreclose the conclusion that the claim made during CY 2008's grace period covered that compliance year, or that the revocation made during CY 2009's grace period did not reinstate Ramirez's MCLE requirements for that compliance year. The statements establish only the time period during which *the claim* was being made. To read the statements to mean that Ramirez was ineligible to practice law from the time she claimed the exemption until she lifted it is inconsistent with MCLE rules and regulations.

---

[18] A letter dated October 31, 2011, from the State Bar's executive director refers to attached "records of the Membership Department regarding the MCLE non-practicing exemption status from November 11/21/2008 – 11/5/2009 of Rebecca Ramirez." A letter dated November 30, 2011, from the State Bar's MCLE Compliance Director states that Ramirez's claimed exemption "cover[ed] MCLE compliance requirements for the 2008 MCLE compliance year which began November 1, 2007 and ended October 31, 2008." We need not consider either statement in our analysis and express no view on whether the letters could be considered "public records" or could be used to question or explain other public records.

[19] ___ S.W.3d ___, ___ (Tex. App.–San Antonio 2012, orig. proceeding).

6

Under those rules and regulations, a claim of exemption has no effect on a lawyer's obligation to comply with MCLE requirements until the deadline for their completion, which is the end of the grace period — the lawyer's birth month — after the compliance year.[20] The regulations expressly contemplate that a lawyer's status may change during the year.[21] A lawyer might claim the non-practicing exemption early in the compliance year, fully intending not to practice, yet change her mind before the compliance deadline, withdraw the claim, and complete all MCLE requirements for the year. Or a lawyer can wait until the compliance deadline — or perhaps even later — to claim an exemption from MCLE for the preceding year. All that matters is whether the lawyer is entitled to an exemption from MCLE requirements by the deadline for completion.

Because a compliance year's grace period overlaps the following compliance year, a claim of exemption made during the grace period could cover either year, but only if the lawyer did not practice during any part of that year.[22] A claim during the grace period cannot relate to the compliance year just ended if the lawyer practiced at all during that year, or to the compliance year just beginning if the lawyer practices at any time during that year.

A lawyer claiming the MCLE non-practicing exemption is not classed as an inactive member of the State Bar. A lawyer who "file[s] with the executive director and the clerk of the supreme court

---

[20] A further extension is permitted under very limited circumstances if requested before the end of the grace period. State Bar of Texas, Texas MCLE Regulations § 5.11.

[21] State Bar of Texas, Texas MCLE Regulations § 5.0.

[22] The evidence before us indicates that during the grace period, a lawyer can claim an exemption on the State Bar's website only for the compliance year just ended. Ramirez contends that this is what she did.

7

written notice requesting enrollment as an inactive member",[23] by statute, "may not practice law in this state".[24] No such prohibition is associated with a claim for the MCLE non-practicing exemption. A lawyer may claim the exemption prospectively in good faith yet return to practice at will, so long as she then complies with MCLE requirements. An inactive member may return to active status only "upon written application to the clerk and payment of fees for the current year."[25] No such formality is required for revoking the MCLE exemption. MCLE regulations require that a change in status be "promptly reported",[26] but delay is not penalized. Not until all deadlines for completing requirements have passed is the penalty of suspension for non-compliance imposed.

The public records before us do not indicate that Ramirez was ever suspended from practice. They indicate only that Ramirez might have claimed the MCLE non-practicing exemption for CY 2009 — a year in which she actually met her MCLE requirements — but probably intended to claim the exemption for CY 2008. The State Bar records showing Ramirez listed among suspended lawyers on two dates during CY 2009 raise a question whether she was eligible to practice, but the only apparent basis for such suspensions would have been that she failed to meet MCLE

---

[23] TEX. GOV'T CODE § 81.052(b).

[24] *Id*. § 81.053(a); *see also* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 8.04(a)(11)*, reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtitle G, app. A (West 2005) ("A lawyer shall not . . . engage in the practice of law when the lawyer is on inactive status or when the lawyer's right to practice has been suspended or terminated . . . ."); Tex. RULES DISCIPLINARY P. R. 1.06(V)(6), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtitle G, app. A-1 (West Supp. 2011) ("'Professional Misconduct' includes . . . [e]ngaging in the practice of law either during a period of suspension or when on inactive status.").

[25] TEX. STATE BAR R. art. XII, § 7(C), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtitle G, app. A (West 2005).

[26] State Bar of Texas, Texas MCLE Regulations § 5.0.

8

requirements in CY 2008, which could have been covered by her non-practicing exemption. Public records certainly do not "conclusively establish[]" that she did not practice law during that period. The county chair was therefore not authorized, let alone required, to declare Ramirez ineligible,[27] and the court of appeals clearly abused its discretion in reaching the contrary conclusion.

Accordingly, we grant Ramirez's petition for mandamus and, without hearing oral argument,[28] direct the court of appeals to vacate its order of March 9, 2012. We are confident the court of appeals will promptly comply, and our writ will issue only if it does not. We have already ordered the county chair to take all actions necessary for Ramirez's name to be placed on the ballot, and the chair has complied.

**OPINION DELIVERED: April 27, 2012**

---

[27] TEX. ELEC. CODE § 145.003(f).

[28] TEX. R. APP. P. 52.8(c).