Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

## OPINION

No. 04-12-00569-CV

**IN RE** Manuel **VELA**, Jr.

Original Mandamus Proceeding[1]

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  September 14, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

This original mandamus proceeding arises out of an election dispute. The majority of the facts are uncontested. On August 20, 2012, Manuel Vela, Jr. filed an Application for a Place on the City of Rio Bravo, Texas General Election Ballot for the position of mayor. The following day, on August 21, 2012, Maria Elena Morales, the attorney for the City of Rio Bravo, emailed a letter to Vela explaining that he did not meet the residency requirements, which required that he reside in the City of Rio Bravo for a period of six months prior to filing his application for candidate for mayor. *See* TEX. ELEC. CODE ANN. § 141.001(a)(5) (West 2010). Three days later, on August 24, 2012, Vela received a letter, delivered by the Sheriff of Rio Bravo City and signed by Rosa Peguero, the City Secretary, again declaring Vela ineligible to be a candidate for the

---

[1] This proceeding is brought pursuant to Texas Election Code § 273.061 (West 2010). The respondent is Rosa Peguero, City Secretary for the City of Rio Bravo, Texas.

position of mayor. As in the August 21st letter, Peguero's letter identified the four public records that established Vela's ineligibility:

(1) Vela's application for Homestead Exemption dated April 17, 1995 in Laredo, Texas regarding his property located in Laredo, Texas;

(2) Vela was a registered voter in Laredo, Texas;

(3) Vela's claimed residential address in Rio Bravo was a commercial property and being taxed as such and not eligible for the homestead exemption; and

(4) The property owned by Vela in Rio Bravo is a commercial property and not eligible for a homestead exemption.

In her response to Vela's petition, Peguero contends: (1) the public records conclusively establish that Vela is ineligible to be a mayoral candidate; and (2) Vela failed to make a demand to Rio Bravo City to reconsider its decision to declare Vela ineligible.

We first address Peguero's argument regarding Vela's failure to make a proper demand and proof of her refusal to comply. *See O'Connor v. Fifth Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Nothing in *O'Connor* or its progeny requires a candidate to seek reconsideration after an original demand and refusal. *Id.* Here, Vela's application was a demand to be placed on the ballot. The two letters to Vela from the office of the City Secretary, dated August 21, 2012 and August 24, 2012, are clear refusals to comply with Vela's request. We therefore find no merit to this argument.

Peguero next argues the above public records conclusively establish that Vela is ineligible to be a mayoral candidate. *See* TEX. ELEC. CODE ANN. § 145.003(f) (West 2010). The Election Code provides the procedures for declaring a candidate ineligible for an office. *See id.* § 145.003. A candidate may be declared ineligible only in the following circumstances: (1) when the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or (2) facts indicating that the candidate is ineligible are conclusively established by another public record. *Id.* § 145.003(f).

The Texas Supreme Court recently addressed a very similar issue in *In re Palomo*, 366 S.W.3d 193 (Tex. 2012) (orig. proceeding). In *Palomo*, the party officer responsible for certifying a candidate's name on the ballot denied a judicial candidate's application based on ineligibility. *Id.* at 194. Relying on section 145.003(f) of the Texas Election Code, the Court looked at public records regarding whether the candidate was ever suspended from practice and therefore ineligible to run for a judicial bench. *Id.* at 195. The Court held that the public records alone "certainly do not conclusively establish [ ] that she did not practice law during that period. The county chair was therefore not authorized, let alone required, to declare Ramirez ineligible." *Id*. at 197 (citing TEX. ELEC. CODE ANN. § 145.003(f)). In comparing the public records in *Palomo* with the records presented in this case, we cannot say the public records on which the City relied conclusively establish Vela's ineligibility as a candidate for mayor of the City of Rio Bravo. Therefore, Peguero, in her capacity as City Secretary, lacked the authority to declare Vela ineligible. *See* TEX. ELEC. CODE ANN. § 145.003(f).

Accordingly, Vela's petition for writ of mandamus is conditionally granted. TEX. R. APP. P. 52.8(c). The Honorable Rosa Peguero, City Secretary for the City of Rio Bravo, Texas, is hereby ordered to: (1) certify Manuel Vela, Jr.'s name as a candidate on the general election ballot for the position of mayor for the City of Rio Bravo; and (2) place Manuel Vela, Jr.'s name on the ballot for the general election. The writ will issue only if we are notified that Ms. Peguero has not done so within seven days of the date of this order.

Catherine Stone, Chief Justice