

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00081-CV

———————————————

IN RE DOUGLAS SCOT "DOUG" MILLER, Relator

Original Proceeding
Tarrant County, Texas

Before Kerr, Bassel, and Walker, JJ.
Opinion by Justice Walker

# OPINION

Douglas Scot "Doug" Miller, a potential candidate for the Eagle Mountain-Saginaw Independent School District's Board of Trustees, has filed this original proceeding to compel Robb Welch, the school district's Elections Coordinator, to accept his application and include his name on the ballot for the March 23, 2022 school board election. *See* Tex. Elec. Code Ann. § 273.061(a). Welch rejected Miller's e-mailed application because Miller sent it to Welch's school-district e-mail address rather than the e-mail address the school district had designated in its statutorily required notice of deadlines and filing methods. Because Miller complied with one of the permissible e-mail filing methods allowed by the Election Code, he complied with the Election Code's procedure requirements; therefore, Welch had a ministerial duty to accept Miller's application and place his name on the ballot. We grant relief.

## I. STANDARD OF REVIEW

The duty to determine whether an application for a place on the ballot complies with constitutional and statutory requirements is ministerial in nature. *In re Bell*, No. 13-21-00439-CV, 2021 WL 5991046, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 17, 2021, orig. proceeding) (mem. op.). Sections of the Election Code dealing with candidacy for political office are mandatory and are to be strictly enforced and construed to further the legislature's intent to ensure uniform elections statewide, to reduce the likelihood of fraud, to protect ballot secrecy, to promote voter access, and to ensure all legally cast ballots are counted. Tex. Elec. Code

2

Ann. §§ 1.0015, 1.003(a-1); *see In re Dominguez*, 621 S.W.3d 899, 904 (Tex. App.—El Paso 2021, orig. proceeding); *In re Walker*, 595 S.W.3d 841, 842–43 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).  In candidate-eligibility cases, we are to strictly construe the applicable statutes in favor of eligibility.  *In re Green Party of Tex.*, 630 S.W.3d 36, 37 (Tex. 2020) (orig. proceeding).  Mandamus relief is available to compel the acceptance of a statutorily compliant application and the placement of that candidate's name on the ballot.  *See In re Vela*, 399 S.W.3d 265, 266 (Tex. App.—San Antonio 2012, orig. proceeding); *In re Ducato*, 66 S.W.3d 558, 558 (Tex. App.—Fort Worth 2002, orig. proceeding).

## II.  FILING-RELATED ELECTION CODE PROVISIONS

When a candidate must file an application under the Election Code, that application must be in writing and "timely filed with the appropriate authority."  Tex. Elec. Code Ann. § 141.031(a)(1), (3).  The authority with whom the application is filed "shall reject" the application if it does not comply "with the requirements as to form, content, and procedure that it must satisfy for the candidate's name to be placed on the ballot."  *Id.* § 141.032(a), (e).  But, "[e]xcept as otherwise provided by law," an authority in charge of having the official ballot prepared

> shall have placed on the ballot the name of each candidate . . . who has filed with the authority an application for a place on the ballot that complies with the requirements as to form, content, and procedure that the application must satisfy for the candidate's name to be placed on the ballot.

*Id.* § 52.003(a)(1).[1]

> Regarding filing, the Election Code provides generally,

> When this code provides for the delivery, submission, or filing of an application, notice, report, or other document or paper with an authority having administrative responsibility under this code, a delivery, submission, or filing *with an employee of the authority at the authority's usual place for conducting official business* constitutes filing with the authority.

*Id.* § 1.007(a) (emphasis added). In addition, "[a] delivery, submission, or filing of a document or paper under th[e] code may be made by personal delivery, mail, telephonic facsimile machine, *e-mail*, or any other method of transmission." *Id.* § 1.007(c) (emphasis added). And "[t]he authority to whom a delivery, submission, or filing is required by th[e] code to be made may accept the document or paper at a place other than the authority's usual place for conducting official business." *Id.* § 1.007(b). But to the extent any other code provision conflicts with Section 1.007, it supersedes that section. *Id.* § 1.007(d).

Before September 1, 2021, Section 1.007(c) did not provide for filing by e-mail; that method of filing an application was added to the code in the 2021 legislative session. *See* Act of May 28, 2021, 87th Leg., R.S., ch. 711, H.B. 3107, §§ 1, 101. In the same bill, the legislature added subsection (c) to Section 141.040, which requires the authority with whom an application is filed to post a public notice of the dates of

---

[1]Welch does not contend that Miller's application failed to meet the Election Code's form and content requirements. It is undisputed that only one procedural requirement is at issue here: whether Miller properly filed his application by e-mailing it to Welch's school-district e-mail address rather than the e-mail address designated in the school district's notice of deadlines and filing methods.

4

the filing period: "An authority shall designate an e-mail address in the notice required by this section for the purpose of filing an application for a place on the ballot under Section 143.004." *Id.* § 79. It also renamed the section: from "NOTICE OF DEADLINES" to "NOTICE OF DEADLINES *AND FILING METHODS*." *Id.* § 78 (emphasis added).

Also in the latest legislation, the following was added to Section 144.003, "Application Required," which applies to a potential candidate—like Miller—who is seeking an office other than for a city or county: "An application, other than an application required to be accompanied by fee, may be filed through e-mail transmission of the completed application in a scanned format to the e-mail address designated by the filing authority in the notice required under Section 141.040." *Id.* § 84. Thus, Sections 141.040(c) and 144.003, read together, allow a prospective candidate to file an application via the e-mail address designated by the filing authority in its notice of deadlines and filing methods.

As delineated above, Section 1.007 allows a candidate to file an application by e-mail "with an employee of the authority at the authority's usual place for conducting official business." Tex. Elec. Code Ann. § 1.007(a), (c). And Section 144.003 provides that a scanned copy of an application not accompanied by a fee "may be filed" by e-mail "to the e-mail address designated by the filing authority in the notice required under Section 141.040." *Id.* § 144.003(a).

5

The Senate Research Center Bill Analysis for H.B. 3107 states the author's intent to "clean up" certain sections of the Election Code "to ensure it is up to date and we conduct our elections uniformly and efficiently." S. Rsch. Ctr., Bill Analysis, Tex. H.B. 3107, 87th Leg., R.S. (2021). To that end, "H.B. 3107 would make technical corrections to the law regarding various aspects of the process, including voter registration; officers and observers; supplies; early voting; rules relating to candidates, presidential elections, and elections to fill vacant offices; recounts; and other miscellaneous provisions to clarify election practices and procedures." *Id.*

### III. MILLER'S FILING PROPER UNDER SECTION 1.007

In rejecting Miller's application, Welch informed Miller that the school district maintains that Election Code Sections 141.040(c) and 144.003 must be read together; that together they require a candidate who files an application with the school district by e-mail to do so *only* via the e-mail address designated by the school district in its statutory notice of deadlines and filing methods despite the use of the word "may" in Section 144.003; and that the mandatory e-mail filing requirement created by Sections 141.040(c) and 144.003 is a specific statutory requirement that controls over Section 1.007(a) and (c)'s more general filing provisions.

### A. STATUTORY CONSTRUCTION

We determine the meaning of a statute by looking to its plain language:

> When construing a statute, our primary objective is to give effect to the Legislature's intent. We seek that intent "first and foremost" in the statutory text, and "[w]here text is clear, text is determinative" of intent.

6

> "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results."

*Colorado Cnty. v. Staff*, 510 S.W.3d 435, 444 (Tex. 2017) (citations and footnotes omitted).

When deciding whether overlapping provisions of two different statutes can concurrently operate, we will construe the different provisions in a way that harmonizes rather than conflicts. *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 716 (Tex. 2015). When the provisions are irreconcilable, the general rule is that the terms of the later-enacted statute should control. *Id.* On the other hand, conflicts between general and specific provisions favor the specific, and *when the literal terms of the two provisions cannot both be true*, the terms of the specific provision ordinarily will prevail. *Id.* We should construe the general provision as controlling only when the legislature's manifest intent is for the general provision to prevail and the general provision is the later-enacted statute. *Id.*

## B. ANALYSIS

First, without considering Sections 141.040(c) and 144.003, we ask whether Section 1.007 allowed Miller to file his application by e-mailing it to Welch's school-district e-mail address. By allowing e-mail filing and filing with "an employee of the authority at the authority's usual place for conducting official business," subsections (a) and (c) of Section 1.007 together authorize Miller's e-mail filing here. Welch does not dispute that the e-mail address to which Miller e-mailed the application is Welch's

assigned school-district e-mail address, and there is no evidence that that particular e-mail address disclaimed that it was connected with the school district's place of business or that the school district has more than one place of business or no place of business. *See* Tex. Bus. & Com. Code Ann. § 322.015(d) (stating that "[u]nless otherwise expressly provided in the electronic record or agreed between the sender and the recipient, an electronic record is deemed to be sent from the sender's place of business and to be received at the recipient's place of business," and setting forth determination of place of business if sender or recipient has more than one or no place of business); *see also id.* §§ 322.002(15), 322.003 (providing that uniform electronic transactions act applies to actions relating to governmental affairs). Thus, unless Sections 141.040(c) and 144.003 together trump Section 1.007(a) and (c), Welch's stated ground for rejecting Miller's application was incorrect and, therefore, there is a ministerial duty to place Miller's name on the ballot.

But, as the Texas Supreme Court instructs us, the e-mail method prescribed by Sections 141.040(c) and 144.003 cannot trump the method allowed by Section 1.007 unless the two cannot co-exist. And, they can. Nothing in Sections 141.040(c) and 144.003 indicate a legislative intent to do away with Section 1.007(a) and (c) in the e-mail context. Welch argues that it would be too burdensome to allow a candidate to file an application by sending an e-mail to "an employee of the authority at the authority's usual place for conducting official business"—i.e., under Section 1.007(a) and (c)—because, in this case, the school district would have to monitor too many e-

8

mail addresses. However, when engaging in a statutory construction analysis, we do not take into account whether one authorized method would be more burdensome than another. *See In re Guardianship of Laroe*, No. 05-15-01006-CV, 2017 WL 511156, at *10 (Tex. App.—Dallas Feb. 8, 2017, pet. denied) (mem. op.) (noting that burdensome effect of statutory requirement nevertheless does not override legislative intent). Instead, we must consider whether the two statutes can co-exist. *See* Tex. Elec. Code Ann. § 1.003(b) (providing that conflict between two Election Code provisions exists "only if the substance of the superseding and any related provisions is irreconcilable with the substance of the referenced provision"); *Mem'l Hermann Hosp.*, 464 S.W.3d at 716. In this instance, they can co-exist. Therefore, Miller complied with the Election Code's procedural requirements in filing his application. Welch had no legitimate legal basis upon which to refuse Miller's application and to deny Miller's name being placed on the ballot.

## IV. CONCLUSION

We conditionally grant relief and order Welch, the Election Coordinator for Eagle Mountain-Saginaw Independent School District, (1) to accept Miller's candidate application for the school district's Board of Trustees and (2) to include his name on the ballot for the March 23, 2022 Board of Trustees election. A writ will issue only if Welch fails to comply before the deadline for submitting the ballots for printing.

9

/s/ Brian Walker

Brian Walker
Justice

Delivered:  March 11, 2022