

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-22-00331-CV

## IN RE DAN GUILLOTTE

_____

## Original Proceeding

---

## MEMORANDUM OPINION

---

Relator, Dan Guillotte, has filed a petition for writ of mandamus invoking our election-supervision jurisdiction under section 271.061 of the Texas Election Code in connection with the November 8, 2022 Coolidge Independent School District ("CISD") Board of Trustees election. *See* TEX. ELEC. CODE ANN. § 271.061.[1] Guillotte, a candidate for the CISD Board of Trustees, asks this Court to compel Maria Samaniego, as Secretary for the CISD Board of Trustees, to place Guillotte's name on the ballot for the November

---

[1] Section 271.061 of the Texas Election Code provides that: "The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE ANN. § 271.061.

8, 2022 CISD Board of Trustees election. We conditionally grant Guillotte's petition for writ of mandamus.[2]

## Background

On August 9, 2022, Guillotte filed his application as a candidate for the CISD Board of Trustees. On August 25, 2022, Maria Samaniego, in her capacity as Secretary of the CISD Board of Trustees, sent a letter to Guillotte informing him that he had been declared ineligible to be placed on the November 8, 2022 ballot for the CISD Board of Trustees election. In her August 25, 2022 letter, Maria Samaniego stated the following:

> On August 9, 2022, you [Guillotte] submitted your application as a candidate for the Coolidge ISO [sic] Board of Trustees. On the application, you stated—under oath and under penalty of perjury—that you have been a pennanent [sic] resident of the District's geographic boundaries for a continuous period exceeding ten years. Contrarily, on August 8, 2022, you testified under oath before the Limestone County Appraisal Review Board that you are a resident of Tarrant County, Texas. Your residency in Tarrant County is further documented in the Tarrant County Appraisal District, wherein you claim a homestead exemption for the property located at 4605 Birchman Ave., Fort Worth, Tarrant County, Texas 76107. These public records establish facts demonstrating conclusively that you were not a resident of the Coolidge ISO [sic] geographic boundaries at the time that you filed your application for placement on the election ballot. Accordingly, you are administratively declared ineligible as a candidate for the Coolidge ISO [sic] Board of Trustees. *See* Tex. Election Code § 145.003(f)(2).

In his mandamus petition, Guillotte alleges that, on August 31, 2022, he demanded that his name be included on the ballot for this election. Sample ballots were produced

---

[2] We requested a response from respondent and real parties in interest. No response was filed.

on September 20, 2022, and Guillotte's name was not included on the ballot for CISD Board of Trustees.

**Analysis**

In three issues, Guillotte challenges the decision to declare him ineligible to run for a position on the CISD Board of Trustees and argues that respondents had a ministerial duty to include his name on the ballot.

As stated above, Guillotte was declared ineligible as a candidate for CISD Board of Trustees because respondents asserted that facts conclusively established that Guillotte is not a resident of the CISD geographic boundaries. Section 141.001 of the Texas Election Code sets the general requirements to run for most public offices in Texas, including CISD Board of Trustees. *See id.* § 141.001. Specifically, section 141.001(a)(5) provides that:

(a) To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must:

. . .

(5) have resided continuously in the state for 12 months and in the territory from which the office is elected for six months immediately preceding the following date:

(A)For a candidate whose name is to appear on a general primary election ballot, the date of the regular filing deadline for a candidate's application for a place on the ballot;

(B) For an independent candidate, the date of the regular filing deadline for a candidate's application for a place on the ballot . . . .

*Id.* § 141.001(a)(5)(A)-(B).

Other Texas Courts have interpreted the territory requirement in section 141.001(a)(5) to mean that a candidate is "required to both reside within and be a registered voter in the corresponding precinct" of the office sought." *In re Dominguez*, 621 S.W.3d 899, 901 (Tex. App.—El Paso 2021, orig. proceeding) (per curiam) (citing *In re Perez*, 508 S.W.3d 500, 507 (Tex. App.—El Paso 2016, orig. proceeding)); *see In re Walker*, 595 S.W.3d 841, 843 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). Thus, in this race, eligible candidates must have (1) resided within the territorial boundaries of CISD for six months before the filing deadline to run for CISD Board of Trustee, and (2) been registered to vote in the District as of the filing deadline to run for CISD Board of Trustee.[3]

In his application, Guillotte indicated that he has been a resident of the State of Texas for thirty-five years and that he has lived in the designated district from which he seeks election for ten years. Furthermore, attached to his mandamus petition is a printout from the Texas Secretary of State voter registration website, which shows Guillotte's address in Coolidge, Texas, and that he is registered to vote in precinct 205 in Limestone County, Texas.

Despite the foregoing, Maria Samaniego mentioned in her letter that Guillotte was ineligible because he allegedly testified under oath before the Limestone County

---

[3] The requirement for being a registered voter is found in section 141.001(a)(6) of the Texas Election Code. *See* TEX. ELEC. CODE ANN. § 141.001(a)(6).

Appraisal Review Board that he is a resident of Tarrant County, and because he claimed a homestead exemption for property located in Tarrant County. A candidate may be declared ineligible only in the following circumstances: (1) when the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for office; or (2) facts indicating that the candidate is ineligible are conclusively established by another public record. TEX. ELEC. CODE ANN. § 145.003(f). Here, the dispute centers on whether respondents presented facts from another public record that conclusively establish that Guillotte is ineligible.

The Fourth Court of Appeals has considered a fact scenario similar to this case. *See generally In re Vela*, 399 S.W.3d 265 (Tex. App.—San Antonio 2012, orig. proceeding). Specifically, relator, Manuel Vela Jr., filed an application for a place on the City of Rio Bravo general election ballot for mayor. *Id.* at 265. Vela was notified that he did not meet the residency requirements under section 141.001(a)(5) of the Texas Election Code because he had not resided in the City of Rio Bravo for a period of six months prior to filing his application for candidate for mayor. *Id.* The City Secretary relied on the following public records that she determined conclusively established Vela's ineligibility:

(1) Vela's application for Homestead Exemption dated April 17, 1995 in Laredo, Texas regarding his property located in Laredo, Texas;

(2) Vela was a registered voter in Laredo, Texas;

(3) Vela's claimed residential address in Rio Bravo was a commercial property and being taxed as such and not eligible for the homestead exemption; and

(4) The property owned by Vela in Rio Bravo is a commercial property and not eligible for a homestead exemption.

*Id.* The Fourth Court of Appeals held that these records were not sufficiently clear to establish that the candidate lived outside the City of Rio Bravo during the residency period; thus, the city secretary had a ministerial duty to declare Vela eligible because his opponent had not met the burden of conclusively establishing ineligibility based on public records. *Id.* at 266.

In comparing the public records in this case with *Vela*, we cannot say that the public records that Maria Samaniego referenced conclusively established Guillotte's ineligibility as a candidate for CISD Board of Trustees. *See id.* at 265-66; *see also In re Palomo*, 366 S.W.3d 193, 197 (Tex. 2012) (orig. proceeding) (holding that the county chair was not authorized, let alone required, to declare Ramirez ineligible because public records alone "certainly do not conclusively establish [ ] that she did not practice law during that period"); *In re Peacock*, 421 S.W.3d 913, 918 (Tex. App.—Tyler 2014, orig. proceeding) ("A homestead designation may be relevant to resolution of a dispute concerning the person's residence for purposes of the election code. However, no one factor is dispositive on the question of one's intended residence. Therefore, we cannot say that the document verifying Stone's homestead exemption conclusively shows her ineligibility as a candidate for Judge of the County Court at Law." (internal citations omitted)).

Accordingly, we conditionally grant Guillotte's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(c). The Honorable Maria Samaniego, Secretary for the CISD Board of Trustees, is hereby ordered to: (1) certify Dan Guillotte's name as a candidate on the general election ballot for the position of CISD Board of Trustees; and (2) place Dan Guillotte's name on the ballot for the general election. The writ will issue only if we are notified that Samaniego has not done so within three days of the date of this order.


STEVE SMITH
Justice


Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith,
Conditionally granted
Opinion delivered and filed October 18, 2022
[OT06]

