IN RE: Vincent M. PEREZ, Relator.

No. 08–15–00381–CV

Court of Appeals of Texas,
El Paso.

January 11, 2016

Eduardo N. Lerma, El Paso, TX, for Real Party in Interest.

Jo Anne Bernal, County Attorney, Cori A. Harbour-Valdez, The Harbour Law Firm, P.C., El Paso, TX, for Respondent.

Iliana Holguin, Michael Apodaca, El Paso County Democratic Party, El Paso, TX, for Respondent Pro Se.

Felix Valenzuela, Valenzuela Law Firm, El Paso, TX, for Relator.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice

Vincent M. Perez requests that we issue a writ of mandamus compelling three El Paso County Democratic party officials, Glenn "Butch" Maya, Iliana Holguin, and Michael Apodaca, and the El Paso County Elections Administrator, Lisa Wise, to remove Antonio Quintanilla from the March 1, 2016 Democratic Primary ballot for County Commissioner Precinct 3, El Paso County, Texas, because he does not meet the voter registration requirement imposed by Section 141.001(a)(6) of the Texas Election Code. *See* Tex. Elec.Code Ann. § 141.001(a)(West Supp.2015). After reviewing the mandamus petition and appendix, the court notified the parties that it would decide the case prior to January 12, 2016, and we established an expedited deadline for the respondents and Quintanilla to file their responses.[1] Respondents Maya and Wise filed their responses. Quintanilla initially filed a "special appearance" pursuant to Tex. R. Civ. P. 120a and

---

1. The Court appreciates the effort and time expended by all of the parties and their attorneys in this uniquely challenging original proceeding.

argued that the court lacked personal jurisdiction because he had not been served with the petition and appendix by the time his response was due. We granted Quintanilla's request for additional time to file his response. Quintanilla's special appearance is denied. We conditionally grant mandamus relief against one of the party officials, the El Paso County Democratic Party Chairman, Glenn "Butch" Maya, and deny relief with respect to the other respondents.

**FACTUAL SUMMARY**

Perez holds the office of County Commissioner for Precinct 3 of El Paso County, Texas, and he is a candidate for reelection to that office in the March 1, 2016 Democratic Party primary election. The filing deadline for candidates to file an application for a place on the Democratic Party ballot was December 14, 2015.

On December 9, 2015, Quintanilla filed an application with the El Paso County Democratic Party to be placed on the ballot for County Commissioner–Precinct 3.[2] According to an email sent by Respondent Michael Apodaca[3] to the Legal Director of the Texas Secretary of State's Elections Division, the persons who were present when Quintanilla filed his application brought to the candidate's attention that the records showed he was registered to vote in Precinct 2.[4] Quintanilla responded that he now lives in Precinct 3 and he had recently changed his voter registration to Precinct 3. Apodaca also stated in his email that the Democratic Party accepted Quintanilla's application because they believed the Elections Department's records simply had not been updated to reflect the recent address change.

The mandamus record includes the affidavit of Respondent Lisa Wise, who is the Elections Administrator for the Elections Department of El Paso County. According to Wise, the Elections Department maintains a record of the voting registration history of all voters registered to vote in El Paso County, Texas, and she is the custodian of these records. The publicly available records reflect that Quintanilla first registered to vote on November 20, 2009, and he electronically submitted a change of address form on December 7, 2015, just two days before he filed his application to run for County Commissioner Precinct 3. The change of address form indicated Quintanilla had moved from 6246 East Yandell in El Paso, Texas to 220 Villas Del Sur Road in Socorro, Texas, but it does not reflect when he moved to Socorro. The El Paso address is in Voter–Precinct 82 which is part of Precinct 2. The Socorro address corresponds with Voter-Precinct 164 which falls within Precinct 3. According to Wise, Quintanilla's voter registration change of address is not effective until January 6, 2016. The mandamus record includes a copy of Quintanil-

---

**2.** Relator states in his petition that the application was filed on December 11, 2015, but the application reflects on its face that it was sworn to before a notary, George Ybarra, in the "Demo office" and signed by the El Paso County Democratic Party Executive Committee Secretary, Iliana Holguin, on December 9, 2015.

**3.** Apodaca is the Executive Committee Treasurer for the El Paso County Democratic Party.

**4.** The mandamus record does not include an affidavit from Apodaca or any other person present when Quintanilla filed his application and Respondent Maya claims that Apodaca was not present when Quintanilla's application was filed. We set forth Apodaca's statements made in the email to the Legal Director of the Elections Division as background information, but we will not rely on those factual statements as forming part of the "public record" to be reviewed in determining Quintanilla's eligibility.

la's voter registration history and it reflects on its face that the effective date of his voter registration is January 6, 2016.

On December 15, 2015, the day after the filing deadline, Perez sent a letter to party chairman Glenn "Butch" Maya and Executive Committee Secretary Iliana Holguin asserting that Quintanilla was ineligible for two reasons: (1) his voter registration for Precinct 3 was not effective on the filing deadline of December 14, 2015; and (2) he had not been a registered voter in Precinct 3 for six months prior to the filing deadline. Perez attached to his letter Quintanilla's voter registration records, and he asked Maya and Holguin to declare Quintanilla ineligible to be placed on the ballot. On December 21, 2015, Maya sent Perez a letter stating, in relevant part, the following:

> After careful review of all relevant documentation, the El Paso County Democratic Party has determined that Mr. Antonio Quintanilla has been a registered voter of El Paso County since 2009. Therefore, he is a registered voter of the territory that he/she is elected from six months prior to the filing deadline as required by Texas Election Code § 141.001(a)(6). As such, Mr. Quintanilla is eligible as a candidate, and his name will remain on the March 1, 2016 ballot.

The following day, Perez sent another letter to Maya and Holguin supported by email correspondence between Respondent Apodaca and the Texas Secretary of State's Elections Division Legal Director, Ashley Fischer. Apodaca sought Fischer's opinion on the question of Quintanilla's eligibility, and she emailed her response on the afternoon of December 21, 2015. In the email, Fischer advised Apodaca that a candidate for county commissioner must have been a registered voter of the commissioner precinct in which he is running by the

filing deadline, December 14, 2015. Maya and Holguin did not respond to the December 22, 2015 letter from Perez. Consequently, he instituted this original proceeding against Maya, Holguin, Apodaca, and Wise to challenge Quintanilla's eligibility.

## MANDAMUS STANDARD

Section 273.061 of the Texas Election Code authorizes a court of appeals to issue a writ of mandamus to compel the performance of any duty imposed by law in connection with holding an election regardless of whether the person responsible for performing the duty is a public officer. TEX. ELEC. CODE ANN. § 273.061 (West 2010). A duty placed on an officer of a political party by the Texas Election Code is enforceable by mandamus in the same manner as if the party officer were a public officer. Tex. Elec. Code Ann. § 161.009 (West 2010). We will not issue the writ of mandamus unless Perez has a clear legal right to performance of the acts he seeks to compel, and the duties of the persons sought to be compelled are clearly fixed and required by the law. *In re Watkins*, 465 S.W.3d 657, 659 (Tex. App.–Austin 2014, orig. proceeding); *In re Cercone*, 323 S.W.3d 293, 295 (Tex.App.–Dallas 2010, orig. proceeding). Another principle guiding our decision is that an appellate court is not authorized to resolve factual disputes in a mandamus proceeding. *In re Woodfill*, 470 S.W.3d 473, 478 (Tex.2015); *Escobar v. Sutherland*, 917 S.W.2d 399, 403 (Tex.App.–El Paso 1996, orig. proceeding).

## DUTY IMPOSED BY LAW

In three issues, Perez contends that Respondents have not complied with their statutorily-imposed duty to declare Quintanilla ineligible to be on the March 1, 2016 Democratic primary ballot. The procedures for obtaining an administrative dec-

laration that a candidate is ineligible for office are set forth in Section 145.003 of the Election Code. TEX. ELEC. CODE ANN. § 145.003. Subsection (b)(1) provides that a candidate in the general election for state and county officers may be declared ineligible before the 30th day preceding election day by the party officer responsible for certifying the candidate's name for placement on the general election ballot, in the case of a candidate who is a political party's nominee. TEX. ELEC. CODE ANN. § 145.003(b)(1). Under Subsection (c), a candidate in an election other than the general election for state and county officers may be declared ineligible before the beginning of early voting by personal appearance by the authority with whom an application for a place on the ballot for the office sought by the candidate is required to be filed. TEX. ELEC. CODE ANN. § 145.003(c).

A candidate may be declared ineligible under Section 145.003 only if: (1) the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or (2) facts indicating that the candidate is ineligible are conclusively established by another public record. TEX. ELEC. CODE ANN. § 145.003(b), (f); *In re Palomo*, 366 S.W.3d 193, 194 (Tex.2012). Section 145.003(g) places a duty on the "appropriate authority" to promptly review the application when presented for a place on the ballot or another public record containing information pertinent to a candidate's eligibility. *Id.* § 145.003(g). If the authority determines that the record establishes ineligibility as provided by Subsection (f), "the authority shall declare the candidate ineligible." *Id.* § 145.003(g).

■ This statutory obligation to declare a candidate ineligible is a "duty imposed by law." *See In re Cullar*, 320 S.W.3d 560, 565 (Tex.App.–Dallas 2010, orig. proceed-ing); *In re Osborn*, No. 03–13–00272–CV, 2013 WL 9797298 at *1 (Tex.App.–Austin April 30, 2013, orig. proceeding). Consequently, the failure to act is subject to mandamus review. Tex. Elec. Code Ann. § 273.061; *In re Osborn*, No. 03–13–00272–CV, 2013 WL 9797298 at *1.

■ Perez brought this mandamus proceeding against three party officials and the Elections Administrator, Lisa Wise. Respondent Wise notes in her response to the mandamus petition that, as the Elections Director, her duty is to prepare a ballot based on names given to her by the respective political parties, but her duties do not include deciding who is eligible to run for any elected position in El Paso County. Of the three party officials named as Respondents in this original proceeding, only the El Paso County Democratic Party chairman is responsible for certifying the names of the candidates for placement on the ballot. *See* TEX. ELEC. CODE ANN. § 172.029; *see Escobar*, 917 S.W.2d at 405–06. Consequently, Perez properly directed his request for a review of Quintanilla's eligibility based on public records to Respondent Maya under the procedure established by Section 145.003. We deny Perez's petition for mandamus relief with respect to Holguin, Apodaca, and Wise.

### ELIGIBILITY REQUIREMENTS COUNTY COMMISSIONER— PRECINCT 3

The issue presented is whether the public records presented by Perez to Respondent Maya conclusively establish that Quintanilla is ineligible to be on the March 1, 2016 Democratic primary election ballot as a candidate for the office of County Commissioner–Precinct 3. Perez maintains that Quintanilla is ineligible because he was not a registered voter in Precinct 3 for six months before the filing deadline. He

further argues that even if Quintanilla was not required to be a registered voter in Precinct 3 for six months before the filing date, he was not a registered voter in Precinct 3 on the filing date because his voter registration is not effective until January 6, 2016.

The eligibility requirements for public office are set forth in Section 141.001 of the Texas Election Code. *See* Tex. Elec. Code Ann. § 141.001(a). We are concerned here with the residence and voter registration requirements set forth in subsections (a)(5)(A) and (a)(6), respectively. To be eligible to be a candidate for, or elected or appointed to, a public elective office in Texas, a candidate whose name is to appear on a general primary election ballot must:

\* \* \*

(5) have resided continuously in the state for 12 months and *in the territory from which the office is elected* for six months immediately preceding the following date:

(A)　for a candidate whose name is to appear on a general primary election ballot, the date of the regular filing deadline for a candidate's application for a place on the ballot;

(B)　for an independent candidate, the date of the regular filing deadline for a candidate's application for a place on the ballot;

(C)　for a write-in candidate, the date of the election at which the candidate's name is written in;

(D)　for a party nominee who is nominated by any method other than by primary election, the date the nomination is made; and

(E)　for an appointee to an office, the date the appointment is made;

(6) on the date described by Subdivision (5), be registered to vote *in the territory from which the office is elected* ....

Tex. Elec. Code Ann. § 141.001(a)(5)–(6) (emphasis added).[5] We fully appreciate that our decision is impacted by a recent statutory amendment.

The parties disagree in their interpretation of the statute's critical phrase, "in the territory from which the office is elected" as applied when determining the eligibility of a candidate for the office of County Commissioner for Precinct 3. Respondent Maya concluded that the phrase refers to all of El Paso County rather than the more restrictive Precinct 3. In his response to the mandamus petition, Quintanilla expresses agreement with Maya's interpretation and argues that we should construe the statute broadly in favor of candidate eligibility. Perez, on the other hand, maintains that the phrase necessarily means Precinct 3.

When an appellate court construes a statute, its goal is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *See Texas Mutual Insurance Company v. Ruttiger,* 381 S.W.3d 430, 452 (Tex.2012); *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex.2008). We must consider definitions prescribed by the Legislature and any technical or particular meaning the words have acquired. Tex. Gov't Code Ann. § 311.011(b)(West 2013). Otherwise, legislative intent is determined by looking to the plain meaning of the words chosen by the Legislature. *Ruttiger,* 381 S.W.3d at 452; *City of Rockwall,* 246 S.W.3d at 625. Further, we must presume that the Legislature deliberately and purposefully selected words and phrases it enacts, as well as deliberately and purposefully omits

5.　Subsection (a)(6) was added in 2015 (HB 484) and it became effective on September 1, 2015. Acts 2015, 84th Leg., R.S., ch. 504, §§ 1, 3–4, 2015 Tex.Gen.Laws 1865–66.

words and phrases it does not enact. *Ruttiger*, 381 S.W.3d at 452. If the statutory text is clear, it is determinative of legislative intent unless the plain meaning of the statute's words would produce an absurd result. *Ruttiger*, 381 S.W.3d at 452. When statutory text is susceptible of more than one reasonable interpretation, we will look beyond its language for assistance in determining legislative intent. *Ruttiger*, 381 S.W.3d at 452. In accomplishing this task, we may consider the objective of the law, its history, and the consequences of a particular construction. *See* Tex. Gov't Code Ann. § 311.023(1), (3), (5); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006).

At the risk of stating the obvious, the County Commissioner for Precinct 3 is elected by the qualified voters[6] who reside[7] in and are registered to vote in Precinct 3. With one exception, those El Paso County voters who reside outside of Precinct 3 may not vote in this race. *See* Tex. Elec. Code Ann. § 11.003 (West 2010)("Except as otherwise provided by this code, a person may vote only in the election precinct in which the person resides."); Tex. Elec. Code Ann. § 11.004 ("A registered voter who changes residence to another election precinct in the same county, if otherwise eligible, may vote a full ballot in the election precinct of former residence until the voter's registration becomes effective in the new precinct if the voter satisfies the residence require-

ments prescribed by Section 63.0011 and submits a statement of residence in accordance with that section."). In the context of the office of El Paso County Commissioner, "the territory from which the office is elected" necessarily refers to Precinct 3 rather than all of El Paso County.

Our interpretation of the statute is consistent with the Supreme Court's decision in *In re Bell*, 91 S.W.3d 784, 787 (Tex. 2002). Bell was a candidate for the office of Justice of the Peace Precinct 4 in Harris County, and he submitted his application for a place on the Republican primary ballot, along with a filing fee and a petition containing voter signatures. *Bell*, 91 S.W.3d at 784. The Harris County Republican Primary Director and the Harris County Republican Party Chair (respondents) rejected Bell's application because fifteen of the voters who signed the petition provided their street address but omitted their city of residence and another forty-three voters omitted both their city of residence and zip code. *Id.*, 91 S.W.3d at 784–85. Bell filed a mandamus petition in a court of appeals but it was summarily denied. *Id.* at 785. He then filed a mandamus petition in the Texas Supreme Court.

In determining whether the signatures were invalid, the Supreme Court examined Section 141.063 of the Election Code which required each signer to include the residence address among other things. Tex.

---

**6.** To be eligible to vote in an election, a person must: (1) be a qualified voter as defined by Section 11.002 on the day the person offers to vote; (2) be a resident of the territory covered by the election for the office or measure on which the person desires to vote; and (3) satisfy all other requirements for voting prescribed by law for the particular election. Tex. Elec. Code Ann. § 11.001 (West 2010). A "qualified voter" is defined as a person who: (1) is 18 years of age or older; (2) is a United States citizen; (3) has not been determined by a final judgment of a court exercising probate

jurisdiction to be totally mentally incapacitated or partially mentally incapacitated without the right to vote; (4) has not been finally convicted of a felony; (5) is a resident of this state; and (6) is a registered voter. Tex. Elec. Code Ann § 11.002 (West Supp.2015).

**7.** The Election Code defines residence as domicile, that is, one's home and fixed place of habitation to which one intends to return after any temporary absence. Tex. Elec. Code Ann. § 1.015(a).

ELEC. CODE ANN. § 141.063(a)(2)(West 2010). The purpose of this requirement is to prevent election fraud and provide a basis for verifying the voter's eligibility (i.e. county residency, qualified voter, etc.) to participate in a particular election. *Bell*, 91 S.W.3d at 785–86. The court noted that Section 141.063(a)(1) states: "A signature on a petition is valid if: (1) except as otherwise provided by this code, the signer, at the time of signing, is a registered voter of the territory from which the office sought is elected...." TEX. ELEC. CODE ANN. § 141.063(a)(1). It concluded that since the candidate was running for Justice of the Peace in Precinct 4 of Harris County, each person signing the candidate's petition had to be, at the time of signing, a registered voter residing in that precinct. *In re Bell*, 91 S.W.3d at 787. The court went on to hold that the information provided by each person with a disputed signature was sufficient to allow verification of the signer's voting eligibility for this particular election, namely, residence within Precinct 4. *Id.*, 91 S.W.3d at 788.

█ We conclude that a candidate for the office of El Paso County Commissioner is required to both reside within and be a registered voter in the corresponding precinct in order to satisfy the eligibility requirements of Section 141.001(a)(5) and (a)(6), respectively. With this understanding of the statute, we turn our attention to the residence and voter registration requirements.

To be eligible as a candidate for County Commissioner for Precinct 3 in the March 1, 2016 Democratic primary, Quintanilla must have resided continuously in Texas for twelve months and within Precinct 3 for six months immediately before the filing deadline, which was December 14, 2015. We do not read Perez's mandamus petition as asserting that Quintanilla does not meet the residency requirement set forth in Section 141.001(a)(5)(A). Even if Perez intended to make this argument, the records available to Respondents do not conclusively prove that Quintanilla was not a resident of Precinct 3 for the six month period preceding the filing deadline. Different inferences can be drawn from the evidence presented to Respondents. One inference is that Quintanilla moved to Precinct 3 on or about December 7, 2015, the date he submitted his address change form. An equally plausible inference is that Quintanilla resided in Precinct 3 for six months or more before the filing deadline and he simply failed to submit an address change form until December 7, 2015. We must adhere to the well-established rule that an appellate court is not permitted to resolve fact questions in a mandamus proceeding. But this does not end our inquiry.

Under Section 141.001(a)(6), a candidate for the office of County Commissioner for Precinct 3 must be a registered voter in that precinct on the date of the filing deadline. Perez argues that Subsections (a)(5) and (a)(6) must be read together to require that the candidate be registered to vote in Precinct 3 for six months before the filing deadline. He also directs our attention to statements made by the author of HB 484, Representative Giovanni Capriglione, that the bill requires a candidate for public office to be a registered voter in the territory for which they are running. Representative Capriglione went on to state that, "It seems obvious to me if you're running for office, you should be able to vote for yourself." The rules of statutory construction require us to examine the plain language of the statute before resorting to legislative history. *See Ruttiger*, 381 S.W.3d at 452; *Escobar*, 917 S.W.2d at 405.

Section 141.001(a)(6) states that the candidate must *"on the date described by Subdivision (5),* be registered to vote in the territory from which the office is elected." The "date described by Subdivision (5)" refers to the various dates set forth in subparts (5)(A) through (5)(E). Significantly, Subsection (a)(6) makes no reference to the six-month residence period. If the Legislature had intended for a candidate to be registered to vote for the six month period immediately preceding the dates set forth in subsection (a)(5)(A)-(B), it could have easily said so. The Legislature instead chose to use the word "date" which refers to a single day, not a six-month period. The rules of statutory construction require us to presume that the Legislature intentionally and deliberately chose the word "date" and we must give meaning to that word as used in the statute. We reject Perez's interpretation of the statute because it is contrary to the plain language of the statute. But once again, this does not end our inquiry.

The final question we must determine is whether the public records conclusively established that Quintanilla was not a "registered voter" in Precinct 3 on the filing date, December 14, 2015. Quintanilla asserts in his response to the mandamus petition that there are factual disputes which cannot be resolved in this original proceeding, but he does not identify the disputed facts. The public records conclusively establish that Quintanilla was a registered voter in Precinct 2 prior to December 7, 2015, but he submitted an address change form on that date. Under Section 1.005(16), the phrase "registered voter" means a person registered to vote in this state whose registration is effective. TEX. ELEC. CODE ANN. § 1.005(16)(West 2010). Quintanilla's voter registration was not effective until the 30th day after he submitted his address change, that is, January 6, 2016. *See* TEX. ELEC. CODE ANN.

§ 13.143(a)(West Supp.2015). Consequently, he is ineligible to be a candidate because he was not a registered voter in Precinct 3 on the filing date.

Maya contends in his response that it was unclear to him whether the statute's critical phrase, "in the territory from which the office is elected," meant all of El Paso County or Precinct 3. He also points out that the statute only became effective on September 1, 2015 and there were no appellate court decisions construing the statute when he made his decision that Quintanilla was eligible. Maya reasons that because the meaning of the statute was unclear when he made his decision, it cannot be said that the public records conclusively established that Quintanilla is ineligible. But the issue is whether the facts shown by the public records are conclusive, not whether the law was undisputedly clear when Maya made his decision.

██ We understand that Maya was faced with a difficult question in applying a new statute in a short timeframe. Having been required to decide these same issues in only a matter of days after Respondents and Quintanilla filed their responses to the mandamus petition, we are certainly sympathetic. Nevertheless, we are compelled to find that the public records conclusively show that Quintanilla was not a registered voter in Precinct 3 on the filing deadline of December 14, 2015. Consequently, Quintanilla is ineligible to be on the ballot for El Paso County Commissioner Precinct 3, and Maya had a duty to declare that Quintanilla is ineligible and remove him from the ballot. Issues One through Three are sustained.

We deny the petition for writ of mandamus with respect to Respondents Apodaca, Holguin, and Wise, but we conditionally grant the writ and order Respondent Maya to remove Quintanilla's name from

the ballot as a candidate for County Commissioner Precinct 3 in the March 1, 2016 Democratic primary election. The writ will not issue unless Respondent Maya fails to comply with this decision.