**Petition for Writ of Mandamus Conditionally Granted and Opinion filed January 13, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00009-CV

---

## IN RE BARBARA WALKER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Grimes County, Texas**

---

## OPINION

Relator Barbara Walker holds the office of County Commissioner for Precinct 3 of Grimes County, Texas. She is a candidate for re-election to that office in the March 3, 2020 Democratic Party Primary Election.

On January 6, 2020, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel Grimes County Democratic Party Chairman James Harris ("Harris") to declare Michael Raska ("Raska") ineligible as a candidate for the office of County Commissioner Precinct 3 for Grimes County, Texas because Raska was not a registered voter in Precinct 3 on the December 9,

2019 deadline for filing his application for a place on the ballot, as required by section 141.001(a)(6) of the Election Code. *See* Tex. Elec. Code Ann. §141.001(a)(6) (Supp.).

We conditionally grant relief.

## JURISDICTION

"The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, *regardless of whether the person responsible for performing the duty is a public officer*." Tex. Elec. Code Ann. § 273.061 (emphasis added). This court has mandamus jurisdiction to direct a party official to perform his duty correctly. *See Escobar v. Sutherland*, 917 S.W. 2d 399, 411 (Tex. App. – El Paso 1996, orig. proceeding). Relator was not required to first seek relief in the district court. *See In re Woodfill*, 470 S.W.3d 473, 481 (Tex. 2015) (orig. proceeding).

## MANDAMUS STANDARD

A writ of mandamus will issue to compel the performance of a ministerial act or duty. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). An act is ministerial when the law clearly spells out a duty to be performed by a public official with such certainty that nothing is left to the official's discretion. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1992).

The Texas Supreme Court has emphasized that the sections of the Election Code dealing with candidacy for political office are mandatory and are to be strictly enforced. *Wallace v. Howell*, 707 S.W.2d 876, 877 (Tex.1986) (orig. proceeding).

2

Harris has a ministerial duty to declare Raska ineligible if presented with public records conclusively showing that he is ineligible. *See* Tex. Elec. Code Ann. §141.003(f) and (g) (Supp.). "The party chair's duty to determine whether an application for a place on the ballot complies with the statutory requirements is ministerial." *In re Triantaphyllis*, 68 S.W.3d 861, 869 (Tex. App. —Houston [14th Dist.] 2002, orig. proceeding).

## ANALYSIS

Under Section 141.001(a)(6) of the Election Code, a candidate for the office of County Commissioner for Precinct 3 must be a registered voter in that territory on the date of the December 9, 2019 deadline for filing his application for a place on the ballot. *See* Tex. Elec. Code Ann. §141.001(a)(6) (Supp.); *In re Perez*, 508 S.W.3d 500 (Tex. App.—El Paso 2016, orig. proceeding). Section 1.005(16) of the Election Code defines a "registered voter" as a person registered to vote in this state whose registration is effective. Tex. Elec. Code Ann. §1.005(16) (Supp.). Section 13.143(a) of the Election Code provides that a registration becomes effective on the 30th day after the date the application is submitted to the registrar. Tex. Elec. Code Ann. §13.143(a) (Supp.).

Relator presented Harris with public records showing that Raska did not give notice of his change of address and register to vote in Precinct 3 until December 9, 2019. Raska's registration did not become effective until 30 days later, January 8, 2020. *See* Tex. Elec. Code Ann. §13.143(a). In *In re Perez*, 508 S.W.3d at 506–08, the El Paso Court of Appeals held, based on almost identical facts, that (1) "In the context of the office of El Paso County Commissioner, 'the territory from which the office is elected' necessarily refers to Precinct 3 rather than all of El Paso County" because the County Commissioner for Precinct 3 is elected by the qualified voters who are registered to vote

3

in Precinct 3, and (2) "Quintanilla's voter registration was not effective until the 30th day after he submitted his address change, that is, January 6, 2016." (citing Tex. Elec. Code Ann. § 13.143(a)). We agree with the reasoning and the decision in the *Perez* opinion.

Because the public records show that Raska was not effectively registered to vote in Precinct 3 on the December 9, 2019 deadline for filing his application for a place on the ballot, Harris has a ministerial duty to declare Raska ineligible as a candidate for the office of County Commissioner Precinct 3 for Grimes County, Texas.[1]

## CONCLUSION

For these reasons, we conditionally grant the petition for writ of mandamus, and direct Harris to immediately declare Raska ineligible as a candidate and to provide notice of such declaration to the Texas Secretary of State, the State Chair of the Texas Democratic Party, and the Grimes County Clerk today, January 13, 2020. We are certain Harris will act in accordance with this opinion. The writ of mandamus shall issue only if he fails to do so.


PER CURIAM

Panel consists of Justices Frost, Christopher, and Bourliot.

---

[1] Neither Harris nor Raska have provided this court with any public records showing that Raska was effectively registered to vote in Precinct 3 on the December 9, 2019 deadline. This court, by e-mail, requested Raska to file a response to the petition by January 9, 2019, but Raska has not filed a response.