

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-22-00026-CV

**IN RE** Robert **TEJEDA**

Original Mandamus Proceeding[1]

Concurring opinion by: Rebeca C. Martinez, Chief Justice

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: January 14, 2022

On January 11, 2022, Relator the Honorable Robert Tejeda filed a petition for writ of mandamus challenging a January 6, 2022 trial court order enjoining Bexar County Democratic Party Chair Monica Alcantara and Bexar County Elections Department Administrator Jacquelyn F. Callanen from any attempt to disqualify Real Party in Interest Sylvia Ruiz Mendelsohn as a candidate in the 2022 Democratic Primary. Relator also filed an emergency motion for temporary relief to stay the trial court's order. We granted Relator's emergency motion and issued a stay.

---

[1] This proceeding arises out of Cause No. 2021-CI-25811, styled *Sylvia Ruiz Mendelsohn v. Monica Alcantara and Jacquelyn F. Callanen*, in the 37th Judicial District Court, Bexar County, Texas, the Honorable John D. Gabriel Jr. presiding. The petition identifies the trial court judge as respondent, and Alcantara and Callanen as real parties in interest. Relator styles his petition for writ of mandamus: "In re Monica Alcantara and Jacquelyn F. Callanen *ex rel.* Robert Tejeda, Justice of the Peace, Precinct 1, Place 1, Bexar County." *Ex rel.* is short for *Ex relatione*, which is Latin for "by or on the relation of." *State ex rel. Balderas v. Real Estate Law Ctr., P.C.*, 430 F. Supp. 3d 900, 928 (D.N.M. 2019) (quoting BLACK'S LAW DICTIONARY (11th ed. 2019)). Relator does not explain his authority to bring a mandamus proceeding in the name of Alcantara or Callanen; therefore, I treat this mandamus proceeding as his own.

On January 13, 2022, we vacated the stay and denied Relator's petition. Today, we issue a per curiam opinion. *See* TEX. R. APP. P. 52.8(a), (d). I write separately to state my reasons for denial.

## BACKGROUND

On December 9, 2021, Mendelsohn filed an application to be placed on the primary ballot as a candidate for Bexar County Justice of the Peace, Precinct 1, Place 1. On December 12 and 13, 2021, officials from the Bexar County Democratic Party notified Mendelsohn that her application would be rejected. On December 14, 2021, Mendelsohn received an email from the Texas Secretary of State, notifying her that her application was rejected.

On December 20, 2021, Mendelsohn filed an original petition and application for temporary and permanent injunction against Bexar County Democratic Party Chair Alcantara and Bexar County Elections Department Administrator Callanen. Mendelsohn sought an injunction requiring the party and election officials to approve her application for candidacy for Justice of the Peace, Precinct 1, Place 1 on the 2022 Democratic Primary and for placement on the ballot. On December 27, 2021, the trial court granted Mendelsohn a temporary injunction after an evidentiary hearing, and on January 6, 2022, the trial court granted Mendelsohn a permanent injunction, after another evidentiary hearing.

Relator is the incumbent Justice of the Peace for Precinct 1, Place 1. On January 11, 2022, he filed a mandamus petition, seeking a writ directing the trial court to vacate its January 6, 2022 order. Relator also filed an emergency motion to stay the trial court's final order, asserting that Callanen had indicated her intent to start printing ballots on January 13, 2022. Mendelsohn responded in opposition to the petition and the emergency motion. On January 11, 2022, we ordered a stay of the trial court's order, pending our review. On January 13, 2022, we vacated the stay and denied Relator's petition.

## ENTITLEMENT TO MANDAMUS RELIEF

In election disputes, mandamus proceedings may arise from litigation that starts in the district court, or the mandamus proceedings may have no connection to any trial court proceedings. *See In re Woodfill*, 470 S.W.3d 473, 481 (Tex. 2015) (orig. proceeding) (per curiam); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n.1 (Tex. 1991) (orig. proceeding) (per curiam). A petition seeking mandamus relief must state, without argument, the basis of our jurisdiction. TEX. R. APP. P. 52.3(e); *see also* TEX. CONST. art. V, § 6 (providing that authority for courts of appeals in original writ proceedings is limited to the "restrictions and regulations as may be prescribed by law").

Relator cites Election Code sections 161.009 and 273.061 as bases for our authority. These statutes authorize mandamus proceedings in our court unconnected to any district court proceedings. *See In re Woodfill*, 470 S.W.3d at 481 (recognizing the Election Code authorizes mandamus proceedings to "originate in the appellate courts"). This statutory authorization allows us to issue writs of mandamus "to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE ANN. § 273.061(a); *see also id.* § 161.009 ("The performance of a duty placed by this code on an officer of a political party is enforceable by writ of mandamus in the same manner as if the party officer were a public officer."). Under these authorizations, we may issue writs directed at party chairs or election administrators for failure to perform ministerial acts, including the act of rejecting a ballot application that is defective on its face. *See In re Triantaphyllis*, 68 S.W.3d 861, 869 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (orig. proceeding); *see also In re Perez*, 508 S.W.3d 500, 508 (Tex. App.—El Paso 2016, no pet.) (orig. proceeding) (conditionally granting writ of mandamus to compel party official to remove name from ballot because public records

conclusively established prospective candidate was not a registered voter in the territory from which the office would be elected); *In re Walker*, 595 S.W.3d 841, 843 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (orig. proceeding) (citing *In re Perez* to reach similar result).

Relator, however, does not pursue a writ to compel the performance of a ministerial duty by a party official or election administrator. Instead, he seeks a writ to compel the trial court to vacate an injunction. Only indirectly would a writ directed against the trial court judge allow the performance of any purported ministerial duty held by Alcantara or Callanen. In all events, our writ would not "compel" a party or election official when the officials here would have acted in Relator's benefit but for the trial court's injunction. Indeed, Alcantara and Callanen opposed the trial court's injunction at two hearings before the trial court and through district court filings. Relator has not directed us to any authority to establish that our power to issue writs pursuant to the Election Code would permit us to issue a writ directed at a trial court judge that would have only indirect effects on party and election officials.

Relator also cites Texas Government Code section 22.221(b)(1) as a basis for our jurisdiction. Section 22.221(b)(1) provides that we "may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against . . . a judge of a district." *See* TEX. GOV'T CODE ANN. § 22.221(b)(1). These principles of law establish that "[a] writ of mandamus is an extraordinary remedy available to correct an action of a trial judge who commits an abuse of discretion or a violation of a clear duty under the law." *State v. Naylor*, 466 S.W.3d 783, 793 (Tex. 2015) (citation omitted). To obtain a writ against a trial judge, a relator must show both that the trial court has clearly abused its discretion and that the relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Moreover, "[a]s a rule, mandamus is not available to compel an action which has not first been demanded and refused." *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991).

Relator was not a party before the trial court and is not subject to the trial court's order. He did not intervene when the case was before the district court, and he never demanded the trial court deny Mendelsohn's injunction request. Mendelsohn filed her original petition on December 20, 2021. The trial court held two hearings on the matter, and, on January 6, 2022, it entered a final order. The order states: "This is a final Order by the Court and is appealable. All relief not granted is denied." An appeal may be taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, the right to appeal is generally limited to the parties of record. *See Naylor*, 466 S.W.3d at 789. Relator filed a petition for writ of mandamus seeking extraordinary relief. Relator did not intervene to secure a right to direct appeal, which precludes a remedy by appeal and, under the circumstances, extraordinary mandamus relief. *See id.* at 794 n.7 (finding unpersuasive argument that mandamus relief was warranted because State failed to timely intervene to secure a right to direct appeal); *Herring v. Houston Nat. Exch. Bank*, 113 Tex. 337, 351 (1923) (orig. proceeding) ("[A] writ of injunction or prohibition will lie only in cases of manifest necessity and after fruitless efforts for relief in the inferior tribunal[.]").

For these reasons, Relator has not shown he is entitled to extraordinary mandamus relief.

Rebeca C. Martinez, Chief Justice