

# NUMBER 13-22-00559-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ALEJANDRA SUAREZ

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina[1]**

On November 22, 2022, relator Alejandra Suarez filed a petition for writ of mandamus asserting that the trial court abused its discretion "[i]n evaluating evidence presented during a hearing on temporary orders" and by modifying conservatorship, possession, and access to A.A.T., a minor child.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Appellate courts are not authorized to resolve factual disputes in a mandamus proceeding. *See In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding) (per curiam); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding); *In re Perez*, 508 S.W.3d 500, 503 (Tex. App.—El Paso 2016, orig. proceeding [mand. denied]). Further, appellate courts do not question the trial court's credibility determinations in an original proceeding. *In re D.L.*, 641 S.W.3d 873, 890 (Tex. App.—Fort Worth 2022, orig. proceeding); *In re Hightower*, 580 S.W.3d 248, 255 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding [mand. denied]; *In re B.B.*, 632 S.W.3d 136, 141 (Tex. App.—El Paso 2021, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Francisco Trevino, the record, and the applicable law, is of the opinion that Suarez has not met her burden to obtain mandamus relief. We deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.7, 52.8.

JAIME TIJERINA
Justice

Delivered and filed on the
11th day of January, 2023.