

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: DAVID LANDERSMAN, | § | No. 08-23-00356-CV |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| | § | |

## <u>MEMORANDUM OPINION</u>

A person may not serve or run for office as a sheriff in Texas unless they hold "an active permanent peace officer license" or are otherwise qualified through prior federal or military service.[1] In this election mandamus, Relator David Landersman asks this Court to compel Respondent Alan Haley, the Loving County Republican Party Chair, to declare Leroy Medlin Jr., ineligible as a candidate for sheriff. Relator's core argument is this: the records for the governing body that issues peace officer licenses in Texas shows that Haley was granted a peace officer

---

[1] TEX. LOC. GOV'T CODE ANN. § 85.0011(b) (requiring a high school diploma or a high school equivalency certificate, and either (1) an active permanent peace officer license, *or* (2) have at least five years' experience as a federal special investigator or ten years of active-duty military and/or national guard). Section 85.0011(c) states the same as an eligibility requirement to run for office as sheriff.

license in January 2012, but the record also states an "administrative hold" was placed in June 2022.

We can only grant mandamus relief directing an election official to disqualify a candidate based on the existence of proof in a public record conclusively establishing ineligibility. Because nothing in the public record (or administrative regulations cited) ever explains what an "administrative hold" means, we conclude that Landersman has not carried his burden and we deny the petition for writ of mandamus.

## BACKGROUND

On December 21, 2023, Landersman, who himself is a candidate for Loving County Sheriff, filed this petition of mandamus seeking to disqualify Medlin based on the status of Medlin's peace officer license. Because a candidate must be declared ineligible before the beginning of early voting, this Court imposed an expedited briefing schedule. *See* TEX. ELEC. CODE ANN. § 145.003(c) (providing the deadline for declaring a candidate in an election other than the general election ineligible). Medlin and Republican Party Chair Haley filed responses, and Landersman, a reply brief.

The factual record before the Court contains the "Personal Status Report" (PSR) from the Texas Commission on Law Enforcement (TCOLE). Under the Texas Occupation Code, TCOLE must establish a list of active and inactive licensed peace officers. TEX. OCC. CODE ANN. § 1701.159 (a). TCOLE may revoke or suspend a license or place a license holder on probation. *Id.* § 1701.501. We assume without deciding that TCOLE's PSR would qualify as a public record. *See id.* § 1701.168(a)(1) (requiring the TCOLE to establish a database containing "the officer's license status").

2

The eight-page PSR reflects that Medlin was granted a peace officer license on January 6, 2012, which was put on "administrative hold" on June 16, 2022. The PSR further notes that Medlin served in the Loving County Sheriff's Office on reserve duty from December 2018 to January 2019, and active duty from January 2019 through September 2020. He also started with the San Antonio Police Department in January 2012 and ended his service there in February 2023. Cumulatively, Medlin has served just over 11 years as a peace officer. Six and half pages of the PSR detail the course work that Medlin has completed, seven of which were taken in 2023. And he obtained a certificate as a "Master Peace Office" in July 2022. The PSR does not state that Medlin has an active or permanent license, but nor does it state that his license is revoked, suspended, inactive, or placed on probation.

Medlin filed a second supplemental mandamus record containing the affidavit of Cullen Grissom, the Director of Credentialing for the TCOLE. Grissom avers that Medlin has a current active peace officer's license with TCOLE and the administrative hold "has no bearing on whether his license is active."[2] The affidavit does not explain what an administrative hold means, or why it was placed.

Chair Haley filed a supplemental mandamus record containing his personal affidavit. In it, he claims that after Landersman requested that he declare Medlin ineligible, Haley contacted TCOLE which advised him that an administrative hold does not inactivate a license. Chair Haley explained that he contacted the Office of Elections for the Texas Secretary of State, who further

---

[2] Medlin does not explain how an affidavit could negate a conclusive statement in a public record as contemplated by the Election Code, TEX. ELEC. CODE ANN. § 145.003(f)(2). Ultimately, we do not base our decision on the affidavit, but only the failure of the proofs to conclusively show that Medlin does not hold an active permanent peace officer license.

advised him that Medlin was a proper candidate given TCOLE's position on the status of Medlin's license.

From the mandamus record, the parties advance their arguments. Landersman contends that Medlin's license is subject to an administrative hold, rendering him ineligible. He reasons that Medlin's license can be neither active nor permanent if it is on hold. Second, Landerman argues that once Medlin left the employment of the San Antonio Police Department in February 2023, his license automatically became inactive, and the "holder of an inactive license is unlicensed for all purposes." 37 TEX. ADMIN. CODE § 219.11(b).[3]

Chair Haley responds that he properly performed his duties by allowing Medlin to be placed on the primary ballot. In Medlin's response, he argues that nothing in the record explains what TCOLE's notation of an "administrative hold" means. The PSR itself shows that Medlin was issued a license in 2012, and nothing in the record shows that TCOLE suspended or revoked it as TCOLE may do. Medlin further argues the PSR shows that he was awarded a Master Peace Officer certificate after the date of the administrative hold, and that only active licensed peace officers can obtain such a certification.[4] Finally, Medlin argues that TCOLE issues either permanent, temporary, or provisional licenses. Because Medlin's was permanent, it is valid through the end of his "training period" which makes his license active through August 2025.

---

[3] Landersman also argues that the PSR shows that Medlin's prior military service does not meet the ten-year minimum threshold as an alternative way to meet the eligibility requirement. Medlin does not claim otherwise.

[4] *See* 37 TEX. ADMIN. CODE § 221.3(a) ("To qualify for a basic, intermediate, advanced, or master proficiency certificate, an applicant must meet all current proficiency requirements set by the commission.").

In his reply, Landersman relies on the legislative history to a recent change in § 85.0011 and the regulatory scheme controlling licensure for law enforcement officers which we parse below.

## STANDARD OF REVIEW AND APPLICABLE LAW

Courts of appeal have original jurisdiction to issue a writ of mandamus "to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE ANN. § 273.061; *In re Dominguez*, 621 S.W.3d 899, 904 (Tex. App.— El Paso 2021, orig. proceeding) (per curiam). The Election Code expressly subjects the officer of a political party to a "writ of mandamus in the same manner as if the party officer were a public officer." TEX. ELEC. CODE ANN. § 161.009. Mandamus is an extraordinary remedy, and the burden of proof is on the relator. *In re Dominguez*, 621 S.W.3d at 904. To be entitled to relief, Landersman must show that Chair Haley has refused to perform a ministerial act or has clearly abused his discretion. *Id.*, citing *In re Williams*, 470 S.W.3d 819, 821 (Tex. 2015) (per curiam).

An act is ministerial "when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *In re Williams*, 460 S.W.3d at 821, quoting *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). Mandamus will not issue unless Landersman shows he has a clear right to performance of the act he seeks to compel, and the duties of Chair Haley are fixed and required by the law. *In re Perez*, 508 S.W.3d 500, 503 (Tex. App.—El Paso 2016, orig. proceeding). In resolving this question, we are mindful of the guiding principle that an appellate court cannot resolve factual disputes in a mandamus proceeding. *Id.*

5

Relevant here, under the Elections Code, "[a] candidate may be declared ineligible only if . . . facts indicating that the candidate is ineligible are *conclusively established by another public record* [.]" TEX. ELEC. CODE ANN. § 145.003(f)(2) (emphasis supplied). Election officials have a ministerial duty to declare a candidate ineligible if presented with such records. *In re Dominguez*, 621 S.W.3d at 904. Failure of the election official to act violates a duty imposed by law and subject to mandamus review. *In re Perez*, 508 S.W.3d at 504.

## DISCUSSION

At the core of this dispute is one question: what does TCOLE mean by an "administrative hold" on its PSR form? The parties interpret "administrative hold" differently: Landersman argues that the phrase necessarily means that a license on hold is not active. Medlin argues the inverse— that an administrative hold does not necessarily mean inactive. Stated another way, the parties disagree about whether a license on administrative hold is nonetheless an active license as contemplated by the Local Government Code, which requires and "active permanent peace officer license." *See* TEX. LOCAL GOV'T CODE ANN. § 85.0011(b)(2)(A). That phrase is not defined by the Local Government Code.

Neither party cites any TCOLE definition of the term "administrative hold" and neither have we found one. Landersman equates the hold to a pending "administrative action" that TCOLE can pursue against applicants or license holders. TCOLE's administrative rules state that it "may deny an application for any license and may refuse to accept a report of appointment if the . . . applicant is subject to pending administrative action against a commission-issued license." 37 TEX. ADMIN. CODE § 217.5(a)(9). And if subject to an administrative action, "any license issued to the applicant by the commission is subject to cancellation." *Id*. § 217.5(c). But the PSR does not state that Medlin is the subject of a "pending administrative action" which even if true, only makes

6

his commission "subject to cancellation"—something the PSR also does not show is the case here. Certainly, TCOLE may revoke or suspend a license or place a license holder on probation. TEX. OCC. CODE ANN. § 1701.501. But nor does the PSR use any of those terms.

In sum, we are left with rather cryptic notation "administrative hold" which neither the PSR, the Occupations Code, or TCOLE's administrative rules define. Context always matters. Here, the PSR reflects a peace officer who was issued a license and has actively worked as peace officer for more than a decade. In that context, we are leery of simply applying a dictionary definition to the words "administrative hold" to guess how TCOLE might use that term on one of its forms. As the relator, Landersman carries the burden to show that public records conclusively establish that Medlin is ineligible to be a candidate for sheriff. This burden is heavy, and a factual dispute or an ambiguity in the record cannot conclusively establish ineligibility. *See, e.g., In re Dominguez*, 621 S.W.3d at 906 (declining to resolve a factual dispute and infer residency from conflicting information in the mandamus record). Our review of the public records presented show only that Medlin's license is subject to an administrative hold. Nothing in the mandamus record conclusively establishes the effect of an administrative hold on a license—nor does it conclusively establish that Medlin's license is inactive, revoked, or subject to any disciplinary action. Without more, we cannot say that Landersman has discharged his burden to show Medlin does not possess an "active peace officer license" as required by Local Government Code § 85.0011(b)(2)(A), and thus Chair Haley had no duty to declare Medlin ineligible.

We also reject Landersman's alternate argument that once Medlin left the San Antonio Police Department in January 2023, his license automatically became inactive. He supports that claim by reference to a "FAQ" section in TCOLE's website. *See* TCOLE, Non-Compliance FAQ, *available at* https://www.tcole.texas.gov/content/non-compliance-faq (last checked January 7,

7

2024). But the material cited only says that the license of a person not currently appointed to an agency goes inactive "at midnight on the last date of the Training Unit, Training Cycle, or other time unit applied to the course(s)." Nothing on the PSR would show how this statement in a website applies to Medlin, even to the extent it accurately states TCOLE's rules and policies. No doubt, a license once issued "may expire or be cancelled, surrendered, suspended, revoked, deactivated, or otherwise invalidated." 37 T.A.C. §§ 217.5(d), 211.23(b). But is it not conclusively shown through a public record that on the day an officer leaves his or her post, their license automatically becomes inactive.

---

This Court acknowledges the important competing interests at stake in placing a name on a ballot for Sheriff. The legislature amended § 85.0011 in 2023 to require that candidates either have (1) an active permanent peace officer license or (2) either five years' experience as a federal special agent or ten years' experience of active military or national guard service. *See* Act of May 12, 2023, 88th Leg., R.S., ch. 201, § 1, 2023 Tex. Gen. Laws 393, 393 (S.B. 1124) (codified at TEX. LOC. GOV'T CODE § 85.0011(b), (c)). That change was made so that a County would not be left in the lurch by electing a sheriff who could not fulfill their duties. Sen. Rsch Ctr., Bill Analysis, S.B. 1124, 88th Leg., R.S. (2023). But balanced against that interest, the citizenry deserve a choice between eligible candidates and, as is relevant to this dispute, a candidate may be declared ineligible, *only if* "facts indicating that the candidate is ineligible are conclusively established by another public record." TEX. ELEC. CODE ANN. § 145.003(f)(2); *In re Anthony*, 642 S.W.3d 588, 589 (Tex. 2022) (per curiam) ("In a mandamus relating to an election proceeding, we must be careful to avoid undue interference with the electoral process and the people's right to self-

8

governance, including their choice of candidates."). Here, the record simply lacks that level of proof.

## CONCLUSION

The petition for writ of mandamus is denied.

JEFF ALLEY, Chief Justice

January 9, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

9